IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Anthony M. Leonard, | ) | No. CIV 08-2388-PHX-PGR (DKD) |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

Anthony Leonard has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in Maricopa County Superior Court for two counts of assault and the trial court's imposition of a 5-year prison term. He raises four grounds for relief: (1) a violation of his due process rights based on the court's refusal to give a self-defense instruction and the ineffective assistance of appellate counsel for failing to raise that issue; (2) ineffective assistance of appellate counsel; (3) a violation of his *Miranda* rights; and (4) a violation of his due process rights in denying his motion for judgment of acquittal because of insufficient evidence (Doc. #1). Respondent Charles L. Ryan[1] seeks to have the petition dismissed without prejudice, citing Leonard's pending state-court proceedings. The Court recommends that the petition be dismissed without prejudice.

---

[1] Charles L. Ryan is substituted as the interim Director of the Arizona Department of Corrections, succeeding Dora B. Schriro.

On September 1, 2006, following his conviction by a jury, the trial court sentenced Leonard to a mitigated five-year term (Doc. #9, Exh A). Following the court of appeals' decision affirming his convictions and sentences Leonard sought review in the Arizona Supreme Court; review was denied on November 18, 2008 (*Id.*, Exh B-F). Two weeks later, on December 29, 2008, Leonard filed his federal habeas petition (Doc. #1). A review of the Maricopa County Superior Court docket in #CR2004-009940 indicates that Leonard filed a Notice of Post-Conviction Relief on January 16, 2009, requesting the appointment of counsel. As of this date, no action has been taken on the Notice.

A Federal District Court is not authorized to grant a writ of habeas corpus sought by someone in custody pursuant to a judgment of a state court "unless it appears that the applicant has exhausted the remedies available in the court of the State." *See* 28 U.S.C. § 2254(b)(1)(A). If an appeal or collateral-review proceeding is pending in state court, a petitioner has not exhausted his remedies until the completion of those proceedings. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

However, this is a mixed petition, with the first two claims unexhausted. In such cases, the Court has discretion to stay the habeas proceeding and hold the petition in abeyance during the time in which the petitioner attempts to exhaust any still-unexhausted claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Under *Rhines*, a petitioner must meet three requirements to be entitled to a stay and abeyance order: to show good cause for his failure to exhaust, that his unexhausted claims are potentially meritorious, and that there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

The Court agrees with Respondents that Leonard has failed to meet the first requirement. He has failed to show good cause for filing his federal petition prior to exhausting his federal claims. Leonard contends in his reply that "the issues and violations included here have already been raised and decided on a state level. The exhaustion of state remedies has been fulfilled" (Doc. #10 at 5). He appears to be referring to his inclusion of

several ineffective assistance claims in his petition for review filed in the Arizona Supreme Court. *See* Doc. #9, Exh F. He concludes that such issues were "decided" as follows: "Given the Arizona Supreme Court's one word denial of Mr. Leonard's petition for review, it left him no other recourse than to seek a more level table of justice in federal court" (Doc. #10 at 5). However, his mention of those issues for the first time in his petition for review does not mean they were "decided" at the state level. The supreme court was limited in its review to those issues raised by appellate counsel on direct review and decided by the court of appeals. The issues raised on direct review did not include any claims of ineffective assistance of counsel, such issues being properly raised in Rule 32 proceedings, and not on direct review.

The Court also concludes that Leonard would suffer no prejudice from a dismissal without prejudice. Any subsequent petition filed by Leonard following the completion of his state court proceedings would not be considered second or successive, because the previous petition would have been dismissed without prejudice and without a consideration of the merits of the petition. In addition, the one-year statute of limitations would not begin to run until the completion of any appeal of his pending post-conviction proceedings.

Because Leonard's post-conviction proceedings are still pending in Maricopa County Superior Court, his habeas petition is premature and should be dismissed. For the same reason, his requests for appointment of counsel and an evidentiary hearing are denied as premature. His request for release pending the resolution of his habeas petition is also denied. "When the State has not completed its review of the petitioner's claims, it is inappropriate for a federal court to reach the merits of [a] petitioner's case in a ruling on a motion for bail." *Landano v. Rafferty*, 970 F.2d 1230, 1241 (3rd Cir. 1992).

**IT IS THEREFORE RECOMMENDED** that Anthony M. Leonard's Petition for Writ of Habeas Corpus be **denied and dismissed without prejudice** (Doc. #1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is

1 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
2 debatable.

3 This recommendation is not an order that is immediately appealable to the Ninth
4 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
5 Appellate Procedure, should not be filed until entry of the district court's judgment. The
6 parties shall have fourteen days from the date of service of a copy of this recommendation
7 within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1);
8 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
9 days within which to file a response to the objections. Failure timely to file objections to the
10 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
11 and Recommendation by the district court without further review. *See United States v.*
12 *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any
13 factual determinations of the Magistrate Judge will be considered a waiver of a party's right
14 to appellate review of the findings of fact in an order or judgment entered pursuant to the
15 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

16 DATED this 19th day of March, 2010.

_____
David K. Duncan
United States Magistrate Judge